P/F



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILLIAM F. BANKHEAD,

                  Plaintiff,

      -against-

DORA MCALLISTER; 317 REALTY CORP.;
MALIK ARON; MOUNT OLIVE CHURCH OF
GOD IN CHRIST; and the CITY OF NEW YORK,

                  Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-5353 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff William F. Bankhead brings this action pro se pursuant to 42 U.S.C. §§ 1981,

1983, and 1985, and various state laws. Plaintiff alleges that he was injured in a fire at 275

Eldert Street in Brooklyn, New York, and that his rights were violated in connection with this

incident. Pursuant to 28 U.S.C. § 1915, Plaintiff's request to proceed in forma pauperis is

granted solely for the purpose of this Order. For the reasons set forth below, this action is

dismissed.

## I.    BACKGROUND

      This is Plaintiff's twentieth action in this court since 1999; to date, he has also been a

litigant in at least forty cases in this circuit. See https://pacer.uspci.uscourts.gov (last visited

November 7, 2011); see also Bankhead v. Kuo et al., 05-CV-4443 (setting forth Plaintiff's

litigation history in this circuit). The majority of Plaintiff's cases have been transferred or

dismissed sua sponte. See e.g., Bankhead v. Warden, 10-CV-5699 (NGG); Bankhead v.

Mercandetti, 10-CV-154 (NGG); Bankhead v. Greene, 10-CV-3721 (ERK). This litigation

history provides a backdrop for the instant Complaint.

In this Complaint, Plaintiff alleges that on March 2, 2011, he was visiting a friend who resided in a single-room occupancy ("SRO") residence located at 275 Eldert Street in Brooklyn, New York. (Compl. (Docket Entry # 1) at 2.) At approximately 1:45 p.m., a fire occurred in the building. (Id.) Plaintiff jumped from the second floor, was severely burned, and spent two weeks in the hospital receiving treatment. (Id.) He alleges that Defendant City of New York failed to enforce its Department of Buildings's regulations and respond to violations thereof. (Id. at 3.) He alleges that the remaining Defendants—the owners, landlords and operators of the building—were negligent in constructing and maintaining the facility. (Id.) Plaintiff, an "African-American/Hispanic citizen," further states that all Defendants conspired to deprive him of his constitutional rights based on his race. (Id. at 3, 7.) Plaintiff seeks damages of $3 million, and injunctive relief requiring Defendants to comply with relevant law or to immediately vacate the Eldert Street building. (Id. at 9.)

## II.     DISCUSSION

### A.     Standard of Review

An in forma pauperis action shall be dismissed where a plaintiff's "allegation of poverty is untrue" or where the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Where a plaintiff proceeds pro se, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010). Application of a liberal pro se pleading standard is particularly important in cases in which the plaintiff alleges a violation of his or her civil rights. See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008) (citing McEachin v. McGuinnis, 357 F.3d 197,

2

200 (2d Cir. 2004)).  A pro se complaint should not be dismissed without granting the plaintiff

leave to amend "at least once when a liberal reading of the complaint gives any indication that a

valid claim might be stated."  Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)

(per curiam).

Nonetheless, a complaint must plead "enough facts to state a claim to relief that is

plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  While "detailed factual

allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at

555).  Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 557).

## B.   Section 1983 Claim Against Private Defendants

Plaintiff brings claims against four private parties affiliated with 275 Eldert Street:

Defendant Dora McAllister, the property's manager or operator; Defendants 317 Realty

Corporation and Malik Aron, the property's landlords or owners; and Defendant Mount Olive

Church of God in Christ, a non-profit religious organization which operates and maintains the

property.  (Compl. at 1-2, 6-7.)  Plaintiff fails to state a cause of action against these four

Defendants under 42 U.S.C. § 1983.

In order to state a claim under § 1983, two essential elements are required: (1) "the

conduct complained of must have been committed by a person acting under color of state law,"

and (2) "the conduct complained of must have deprived a person of rights, privileges or

3

immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Academy v. Tennessee, 531 U.S. 288, 304-05 (2001); Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action). None of the private Defendants in this case are state actors within the meaning of 42 U.S.C. § 1983.

Even where a defendant is a private actor, however, a court may find state action exists for § 1983 purposes "where the private actor operates as a willful participant in joint activity with the State or its agents." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 313 (2d Cir. 2003) (internal quotation marks omitted). For the court to make a finding of joint activity, "the plaintiff must show that there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Prowisor v. Bon-Ton, Inc., 232 F. App'x 26, 28 (2d Cir. 2007) (citations and internal quotations omitted). Plaintiff has made no such showing here. Although Plaintiff conclusorily states that each of these Defendants is an "agent of the city" (Compl. at 1-2), he does not allege any facts that suggest a close nexus between these Defendants' actions and the state. Therefore, Plaintiff fails to state a claim against Defendants Dora McAllister, 317 Realty Corporation, Malik Aron or Mount Olive Church of God in Christ. The § 1983 claims against the four private Defendants are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

4

### C.   Section 1983 Claim Against the City of New York

Plaintiff also brings a § 1983 claim against Defendant City of New York. (Compl. at 1,
6-7.) In order to state a claim against a municipal defendant under 42 U.S.C. § 1983, a plaintiff
must show the existence of an official policy or custom that caused the alleged injury, and a
direct causal connection between that policy or custom and the deprivation of a constitutional
right. Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing
Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658 (1978)). Proof of a single incident of
unconstitutional activity is ordinarily insufficient to impose liability on a municipality. City of
Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (A single incident "is not sufficient to
impose liability under Monell, unless proof of the incident includes proof that it was caused by
an existing, unconstitutional municipal policy, which policy can be attributed to a municipal
policymaker."); see also Connick v. Thompson, 131 S. Ct. 1350, 1361 (2011). Here, Plaintiff
concludes that the City recklessly disregarded ultra-hazardous building conditions and failed to
enforce safety regulations in a building occupied by African-Americans and Hispanics. He does
not claim that the allegedly wrongful acts or omissions on the part of the City were attributable
to a municipal policy or custom. Thus, Plaintiff's § 1983 claim against the City is dismissed for
failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).[1]

### D.   Section 1981 Claims

Section 1981 prohibits discrimination on the basis of race in making and enforcement of
contracts. 42 U.S.C. § 1981; Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998). In order to

---

[1]       To the extent that Plaintiff directs his claim at the New York City Department of Buildings (see
Compl. at 1), that claim fails as well. Under New York law, "[a]ll actions and proceedings for the
recovery of penalties for the violation of any law shall be brought in the name of the City of New York
and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter
Ch. 16 § 396; see also Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

state a claim under § 1981, a plaintiff must identify an impaired contractual relationship under which he or she has rights, Domino's Pizza Inc. v. McDonald, 546 U.S. 470, 479–80 (2006), and he or she must demonstrate that the alleged discrimination was based on race, Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Here, Plaintiff makes no allegations that he entered into a contract or attempted to enter a contract with any Defendant. Thus, Plaintiff's § 1981 is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.   Section 1985 Claims

Plaintiff also brings a claim against all Defendants under 42 U.S.C. § 1985. (Compl. at 8-9.) Section 1985 creates a cause of action where "two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). Plaintiff alleges that Defendants conspired to "lure" and "attract persons[] like[] plaintiff" onto properties such as 275 Eldert Street, and that this conspiracy "was motivated by racial animus." (Compl. at 8.)

To state a claim for conspiracy under § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a United States citizen. Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 416 (E.D.N.Y. June 2, 2010) (citing United Bhd. Of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983)). To show that a § 1985 conspiracy existed, a plaintiff must "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful

6

end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003). "[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). Here, Plaintiff's allegations are wholly conclusory; he has failed to allege any facts sufficient to show the existence of a conspiracy designed to deprive him of his rights or any act taken in furtherance of such a conspiracy. Plaintiff's § 1985 claims against all Defendants are therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### F.    State Law Claims

Plaintiff also alleges several state law claims, including abuse of process, negligence, and intentional and negligent infliction of emotional distress. (Compl. at 3-6.) In light of its dismissal of the federal claims, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). Because Plaintiff's state law claims require interpretation of state and municipal law, interests of comity and efficiency counsel for the litigation of these claims in a state forum. See Carnegie–Mellon Univ v. Cohill, 484 U.S. 343, 357 (1988); Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.")). The state law claims are, therefore, dismissed without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED in its entirety. Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order

7

would not be taken in good faith and therefore in forma pauperis status is denied for purpose of

an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 14, 2011

NICHOLAS G. GARAUFIS
United States District Judge

8